THE WANDO PHOSPHATE COMPANY *et al. v.* PARKER.

1. Under the code, §2188, an agent cannot dispute his principal's title except in such cases where legal proceedings at the instance of others have been commenced against him. It follows that one in possession of a promissory note as agent for another is not cut off from restoring the note to his principal though a demand upon him for the note has been made by another claimant. Even if the latter turns out to be the true owner, it is no conversion of the note by the agent for him to decline compliance with the demand on the ground that he is a mere agent and for the sole purpose of restoring the note to his principal, which purpose he executes before any action is brought against him. If one innocently and in ignorance of the true ownership gets possession of a mere chose in action, not claiming for himself any interest therein, he does no wrong to the real owner by surrendering possession to the person from whom he derived it, provided he acts promptly and before any suit has been brought against him so as to make it obligatory upon him to contest the title or the right to possession.

2. Where a case has certainly had a right result on the merits, any misdirection by the court is no cause for a new trial.

November 20, 1893.                    *Judgment affirmed.*

Complaint in trover. Before Judge RICHARD H. CLARK. DeKalb superior court. August term, 1892.

A promissory note made by J. L. Morgan and payable to J. M. Mercer or bearer, dated March 9, 1880, was transferred in writing by Mercer to plaintiffs, as collateral security, on October 19, 1882. On said latter date, Mercer received the note from the agent of plaintiffs, to collect the same, and did collect a part of the amount due; but in August, 1890, he sold the note to his nephew J. M. Morgan, a brother of J. L. Morgan the maker. J. M. Morgan turned over the note to B. W. Parker (the defendant) to collect. On November

7, 1890, defendant was in Conyers, Rockdale county, with the note in his possession, and plaintiffs' agent and their attorney notified him to keep it, that plaintiffs claimed it and would contend for it; and later in the same day, demanded that he give them the note, which he refused to do, stating that it did not belong to him but was sent to him for collection by J. M. Morgan. On the next day J. M. Morgan was notified of plaintiffs' claim by their attorney, and immediately went to defendant's house in DeKalb county and obtained the note from the wife of defendant, he not being at home. J. M. Morgan then delivered the note to the maker in settlement of accounts between them. Plaintiffs sued Parker to recover possession of the note. The verdict was for the defendant, and plaintiffs' motion for a new trial was overruled. The grounds of the motion are immaterial.

J. N. GLENN, for plaintiffs.